# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

WAYNE DAY,

    Petitioner,

v.

SUPERINTENDENT,

    Respondent.

Case No. 3:16-CV-148 JVB

## OPINION AND ORDER

Wayne Day, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (REF 15-07-10) where the Indianapolis Re-Entry Educational Facility (DHO) found him guilty of Intoxicants in violation of B-231 on July 9, 2015. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted to Credit Class 2. Day lists four grounds in his petition, but they are merely different ways of arguing that there was insufficient evidence to have found him guilty.

Day argues that there was no physical evidence. He argues that the officer did not report seeing anyone smoking or drinking. He argues that he has a history of having bloodshot eyes. He argues that no intoxicants were found. He argues that he passed a drug test.

The Court's function is to determine if the prison disciplinary board's decision has some factual basis:

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parentheses, and ellipses omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

Such is the case here. The Conduct Report states:

> On July 8, 2015 – Wednesday – Approx. 635A (Shortly after walks open). I Ofcr. J. L. Mercado walked into room "D1N-09," resident – Day, Wayne # 198354 was seen out-of-place in a "sickly sweet smoky smelling" room (D1N-09) along with 3 other residents – they were trying to spray blue deodorizing chemical in room. ID's collected from residents – Sgt. Lowery & Lt. McPherson were called to signal 8 to unit 1. Upon arrival of Sgt. Lowery & Lt. McPherson went down to room D1N-09 and confirmed "weird-smell" in room at that time. All 4 were escorted to shift office by Ofcr. Boyd, Sgt. Lowery & Lt. McPherson. All 4 residents noted to have "red-blood-shot eyes," while leaving unit by this officer.

(DE 1-1 at 1.) These observations by the officer are sufficient to support finding Day guilty of having been intoxicated. It was not arbitrary to reach that conclusion in light of the fact that he was found in a room where he did not belong with blood-shot eyes with three other residents who were trying to mask the scent of a sweet smoky smell. Though the DHO could have reached a different conclusion, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457.

For these reasons, the Court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the Clerk to close this case.

**SO ORDERED** on October 11, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
